In the United States District Court
for the
Western District of Texas

| | |
|---|---|
| **Randy Routh and Shirlee Routh,** § | |
| § | |
| v. § | |
| § SA-12-CV-244-XR | |
| **Bank of America, N.A.** § | |

## ORDER

On this day the Court considered Defendant's Supplemental Motion for Summary Judgment (Doc. No. 34) and Defendant's Motion to Exclude Plaintiffs' Experts (Doc. No. 38). For the following reasons, Defendant's motion for summary judgment is granted and Defendant's motion to exclude is granted in part and dismissed in part as moot.

### I. Background

#### A. Factual Background

On March 2, 2007, Plaintiff Randy Routh executed a promissory note to obtain a loan from Countrywide Home Loans, Inc. in the amount of $204,250 (the "Note"). To secure repayment on the Note, both Randy and Shirlee Routh executed a Deed of Trust that encumbered property located at 7607 Briston Park Drive, San Antonio, Texas (the "Property").[1] The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of the Deed of Trust "solely as nominee for [Countrywide Home Loans, Inc.] and [Countrywide Home Loans, Inc.'s] successors and assigns."

Evidence shows that Defendant Bank of America, or one of its predecessors-in-interest, has serviced the loan for Federal National Mortgage Association at all times since March 6,

---
[1] Plaintiffs had an interest in the Property pursuant to a warranty deed that was executed on March 2, 2007. Pls.' MSJ, Ex. 2.

2007.[2] Additionally, an assignment of the Note and Deed of Trust was executed by Jennifer Baker, Assistant Secretary, on behalf of MERS in September of 2011 and was recorded in the Official Public Records of Bexar County, Texas in October of 2011 (the "Assignment"). The Assignment purports to transfer the Note and the Deed of Trust from MERS, as nominee for Countrywide Home Loans, Inc., to Defendant. Defendant has also produced a copy of the original Note.[3] The Note has been indorsed in blank by Michele Sjolander, Executive Vice President, on behalf of Countrywide Home Loans, Inc. Evidence shows that defense counsel is currently in possession of the Note and that, previously, Defendant was holding the Note as mortgage servicer for Federal National Mortgage Association.[4]

At some point Randy Routh defaulted on his payment obligations under the Note and, in August of 2011, Defendant sent him a notice of default and intent to accelerate.[5] Plaintiffs subsequently filed their original petition in state court seeking, among other relief, to enjoin Defendant from foreclosing on the Property.

## B. Procedural Background

Defendant removed the action to this Court based on diversity. Plaintiffs filed an amended complaint seeking injunctive relief and asserting causes of action for declaratory judgment, violations of the Uniform Commercial Code ("U.C.C."), common law fraud, quiet title, and, if liberally construed, violations of the Texas Debt Collection Practices Act and the Texas Deceptive Trade Practices Act. Defendant filed a motion to dismiss the amended complaint, which the Court granted in part and denied in part.

---

[2] See Decl. of Lorena Diaz, Assistant Vice President, Operations Team Lead, for Defendant, Def.'s MSJ, Ex. C ¶ 2.
[3] Def.'s MSJ, Ex. D-8.
[4] Decl. of Adam Nunnallee, Attorney for Defendant, Def.'s MSJ, Ex. D ¶ 5.
[5] The notice stated that Defendant was acting as mortgage servicer for Federal National Mortgage Association. Def.'s MSJ, Ex. C-3.

2

The Court granted Defendant's motion to dismiss with respect to Plaintiffs' causes of action for fraud, violations of the U.C.C., violations of the Texas Debt Collection Practices Act, and the Texas Deceptive Trade Practices Act. The Court denied Defendant's motion with respect to Plaintiffs' quiet title claim.[6] The Court's Order stated the following:

> The sole issue remaining in this case is whether the assignment of the note and deed of trust is valid. If Defendant can produce uncontroverted evidence demonstrating that MERS authorized or ratified the assignment, there will be no need for further discovery or proceedings in this case.
> Accordingly, Defendant should file a motion for summary judgment and attach evidence demonstrating that MERS authorized or ratified the assignment of the note and deed of trust to Defendant. Plaintiffs shall have an opportunity to respond. If Plaintiffs do not produce any controverting evidence, this case will be dismissed.

Order Issued Feb. 4, 2013 at 15.

In response to the Court's Order, Defendant filed the instant motion for summary judgment. Defendant argues that it is entitled to summary judgment because uncontroverted summary judgment evidence demonstrates that MERS authorized Jennifer Baker to execute the Assignment, Plaintiffs lack standing to challenge the Assignment, and Defendant has the right to enforce the Deed of Trust regardless of the validity of the Assignment. Plaintiffs filed a response to the motion for summary judgment and attached, among other exhibits, the affidavits of Ezequiel Martinez, a Certified Forensic Loan Auditor, and Curt Baggett, a forensic document examiner and handwriting expert. Defendant moved to exclude Mr. Martinez and Mr. Baggett as expert witnesses in this case on the grounds that they were not properly designated and that their opinions are neither reliable nor relevant. Plaintiffs filed a response to Defendant's motion to exclude and Defendant filed a reply.

---

[6] Because at least one of Plaintiffs' claims survived Defendant's motion to dismiss, the Court declined to dismiss Plaintiffs' request for declaratory relief. The Court indicated that it would determine whether declaratory relief was appropriate when the Court considered Plaintiffs' remaining claim.

## II. Legal Standard

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

## III. Discussion

### A. Claim to Quiet Title

To prevail on a claim to quiet title, a plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st. Dist.] Dec. 30, 2011, no pet.). In their amended complaint, Plaintiffs advance a number of arguments in support of their position that Defendant's claim to the Property is invalid. The Court dismissed several of

Plaintiffs' arguments in its February 4, 2013 Order and held that the sole issue remaining is whether the Assignment is valid.

Plaintiffs' amended complaint asserts that the Assignment is invalid because: (1) Jennifer Baker lacked authority from MERS to execute the Assignment, and (2) the Assignment document itself is "fraudulent and fake."[7]

### 1. Plaintiffs' Argument that the Assignment is Invalid Because Jennifer Baker Lacked Authority from MERS to Execute the Assignment

The Court finds that Plaintiffs' argument that the Assignment is invalid because Jennifer Baker was not authorized to execute the Assignment on behalf of MERS is insufficient to support Plaintiffs' quiet title claim for at least two reasons.

First, Defendant has produced evidence demonstrating that, contrary to Plaintiffs' allegation, Jennifer Baker did have authority to execute the Assignment on behalf of MERS in September of 2011. Specifically, Defendant has produced a copy of a MERS Corporate Resolution dated August 29, 2011 that appoints numerous individuals—referred to as "Signing Officers"—as "an assistant secretary and vice president of MERS."[8] Jennifer Baker is listed as one of the Signing Officers. The Corporate Resolution confers authority on the Signing Officers to perform, "on behalf of and in the name of MERS," several acts, including being able to "assign the lien of any mortgage loan naming MERS as the mortgagee when [Defendant] is also the current promissory note-holder" and to "execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS® System that is

---

[7] The amended complaint also makes vague references to the Assignment being made in violation of a pooling and servicing agreement but the Court dismissed Plaintiffs' quiet title claim insofar as the claim was predicated on that theory. The Court need not revisit its holding on that issue because recent Fifth Circuit precedent supports dismissal of the claim. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, --- F.3d ---, 2013 WL 3480207, at *5 (5th Cir. July 11, 2013) (affirming dismissal of the plaintiffs' challenge to an assignment that was based in part on the argument that the assignment violated a pooling and servicing agreement).

[8] Def.'s MSJ, Ex. E-1.

shown to be registered to [Defendant]." Defendant has produced uncontroverted evidence demonstrating that it held the Note and that the mortgage loan was registered to Defendant on the MERS system when the Assignment was executed on September 29, 2011.[9] Thus, in light of the evidence in the record, there is no genuine dispute as to whether Jennifer Baker was authorized to execute the Assignment on behalf of MERS.[10]

Second, Plaintiffs' argument that the Assignment is invalid because Jennifer Baker lacked authority from MERS to execute it fails as a matter of law because Plaintiffs do not have standing to challenge the Assignment on that ground. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, --- F.3d ---, 2013 WL 3480207, at *4 (5th Cir. July 11, 2013) (holding that the plaintiffs' allegation that the individual who executed an assignment document lacked authority to do so did "not furnish the [plaintiffs] with a basis to challenge the . . . assignment"); *Venegas v. U.S. Bank, Nat'l Ass'n*, No. SA:12-CV-1123-XR, 2013 WL 1948118, at *5 (W.D. Tex. May 9, 2013) (explaining that, under Texas law, a debtor may not challenge an assignment of a mortgage on a ground that renders the assignment merely voidable and that an allegation that an individual lacked authority to execute an assignment would render the assignment merely voidable). Accordingly, Defendant is entitled to summary judgment on Plaintiffs' quiet title claim to the extent that the claim is based on the argument that Jennifer Baker lacked authority to execute the Assignment on behalf of MERS.

---

[9] *See* Decl. of Adam Nunnallee, Def.'s MSJ, Ex. D ¶ 5; Decl. of Lorena Diaz, Def.'s MSJ, Ex. E ¶ 5.
[10] In their response to Defendant's motion for summary judgment, Plaintiffs agree that Jennifer Baker had authority to execute the Assignment on behalf of MERS. *See* Pls.' Resp. ¶ 7 ("The evidence produced by the Defendant appears to indicate that Mrs. Baker had authority from MERS to sign."). Plaintiffs nonetheless argue that Jennifer Baker did not have authority to execute the Assignment because "she was given authority to sign for [Defendant] just not for [Federal National Mortgage Association] (the holder)." Pls.' Resp. ¶ 16. However, Plaintiffs' argument is misplaced because the issue here is not whether Jennifer Baker had authority to act on behalf of either Defendant or Federal National Mortgage Association. Rather, the issue is whether she had authority to act on behalf of MERS, the entity on behalf of which she purported to act.

**2. Plaintiffs' Argument that the Assignment is "Fraudulent and Fake"**

The Court finds that Plaintiffs' argument that the Assignment is invalid because it is "fraudulent and fake" is insufficient to support Plaintiffs' quiet title claim for the following reasons.

**a. Plaintiffs' Argument Fails as a Matter of Law**

Under Texas law, a forged deed is void. *Garcia v. Garza*, 311 S.W.3d 28, 44 (Tex. App.—San Antonio Feb. 3, 2010, pet. denied). A deed procured by fraud, however, is voidable only at the election of the grantor and is valid until there has been a successful suit to set it aside. *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976). Although Plaintiffs' contention that the Assignment is "fraudulent and fake" closely resembles one of the definitions of "forgery" contained in Black's Law Dictionary,[11] the allegations underlying Plaintiffs' contention do not implicate a forgery under Texas law.

At common law, forgery was defined as "the making or altering of a written instrument purporting to be the act of another." *Nobles*, 533 S.W.2d at 925-26 (internal quotation marks omitted). In light of this definition, the Texas Supreme Court has held that "one who signs his true name, and does not represent himself to be someone else of the same name, does not commit a forgery because his act does not purport to be that of another." *Id.* at 926. "[A]lthough an agent who executes a document without authority may be culpable of fraud because he has induced confidence in an agency that does not exist, the agent has not committed a forgery, and the document is not void, if he has executed the document purporting on its face to be executed by him as an agent." *Venegas*, 2013 WL 1948118, at *5 (citing *Nobles*, 533 S.W.2d at 926).

---

[11] Black's Law Dictionary defines "forgery" as "[t]he act of fraudulently making a false document or altering a real one to be used as if genuine." BLACK'S LAW DICTIONARY (9th ed. 2009).

Here, Plaintiffs have not alleged in their amended complaint that any individual other than Jennifer Baker executed the Assignment. To the contrary, they specifically allege that Defendant instructed Jennifer Baker herself to execute the Assignment. *See* Am. Compl. ¶ 24 (alleging that "Defendant had prepared on its behalf a fraudulent and fake document" by "instruct[ing] a Jennifer Baker, knowing that she was not an assistant secretary of MERS to sign the document").[12] Such an action would not constitute forgery under Texas law. Thus, the Court finds Plaintiffs' argument that the Assignment is "fraudulent and fake" to be merely a rebranding of their argument that Jennifer Baker was not authorized to execute the Assignment, which fails for the reasons described above.

Although Plaintiffs do explicitly assert that Jennifer Baker's signature "is a forgery" in their response to Defendant's supplemental motion for summary judgment, their effort is unavailing because the argument was raised for the first time in their response to Defendant's motion for summary judgment and is therefore not properly before the Court. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *Benavides v. EMC Mortg. Corp.*, No. 3-12-46, 2013 WL 416195, at *4 (S.D. Tex. Jan. 31, 2013) (finding that summary judgment in favor of the defendants was appropriate on a theory of recovery that was raised for the first time in the plaintiffs' response to a motion for summary judgment because the claim was not properly

---

[12] Indeed, in their response to Defendant's motion to dismiss the amended complaint, Plaintiffs consistently maintained that Jennifer Baker herself executed the Assignment and that the Assignment is fraudulent because she did not have authority from MERS to execute it. *See* Pls.' Resp. to Mot. to Dismiss ¶ 10 ("Plaintiff [sic] has come to learn that Jennifer Baker purporting to be an assistant secretary of MERS made an assignment of the Deed of Trust in this case."); Pls.' Resp. to Mot. to Dismiss ¶ 11 ("The attempted transfer by MERS of Plaintiff's [sic] 'lien' was fraudulent because the person signing the assignment was not an employee of MERS and was acting without proper authority to sign the assignment.").

8

before the court). Accordingly, Plaintiffs' argument that the Assignment is "fraudulent and fake" fails as a matter of law.

### b. Insufficient Evidence in the Record to Support a Finding that the Assignment was Forged

As the Court has just explained, any argument that the Assignment has been forged fails as a matter of law because the argument is not properly before the Court. However, even if the Court were to consider the merits of such an argument, Defendant would still be entitled to summary judgment because there is insufficient evidence in the record to support a finding that the Assignment was executed by anyone other than Jennifer Baker.

The only evidence that Plaintiffs have produced to show that the Assignment was forged is the affidavit of Curt Baggett, a forensic document examiner. Pls.' Resp., Ex. 6.[13] Defendant has filed a motion to exclude Mr. Baggett's testimony in its entirety and, after careful consideration, the Court finds that the motion must be granted because Plaintiffs have failed to establish that Mr. Baggett's testimony is reliable.

The admission or exclusion of expert testimony is a matter of district court discretion. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004). "Federal Rule of Evidence 702 permits opinion testimony from a witness 'qualified as an expert by knowledge, skill, experience, training, or education' if such testimony will assist the trier of fact and (1) 'the testimony is based on sufficient facts or data,' (2) 'the testimony is the product of reliable principles and methods,' and (3) 'the expert has reliably applied the principles and methods to the facts of the case.'" *United States v. Wen Chyu Liu*, 716 F.3d 159, 167 (5th Cir. 2013)

---

[13] The Court notes that Mr. Martinez also offers his opinion as to the legitimacy of the Assignment at one point in his affidavit. *See* Martinez Aff. ¶ 16. However, Plaintiffs themselves concede that Mr. Martinez is not qualified to render expert testimony on handwriting. *See* Pls.' Resp. to Mot. to Exclude ¶ 2(d) ("Plaintiff [sic] set out to find a handwriting expert with the credentials and experience to prove a signature was forged. . . . Clearly, Mr. Martinez could not meet this criteria."). Accordingly, Mr. Martinez's opinion as to the legitimacy of the Assignment is excluded.

(quoting FED. R. EVID. 702). In short, a district court must ensure "that the proffered evidence is both 'reliable' and 'relevant.'" *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)). "The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test." *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002).

> In evaluating whether an expert's testimony is reliable, a court may evaluate:
>
> (1) whether the expert's theory can be or has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community.

*Id.* at 460 (quoting *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 275 (5th Cir. 1998) (en banc)). An expert's unsupported conclusory assertion may be excluded as unreliable. *Matosky v. Manning*, 428 F. App'x 293, 298 (5th Cir. 2011) (per curiam) (holding that the district court did not abuse its discretion in determining that an expert's conclusory assertion was unreliable and in excluding the expert's testimony); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 157 (1999) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.") (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)); *Joiner*, 522 U.S. at 146-47 (holding that the district court did not abuse its discretion in concluding that there was "simply too great an analytical gap between the data and the opinion proffered" and in excluding the experts' testimony).

In his affidavit, Curt Baggett states that he compared the signature of Jennifer Baker on the Assignment in this case to her "known" signature on an apparently unrelated document that

she executed in March of 2012. Baggett Aff. at 2.[14] Curt Baggett opines that "[b]ased upon thorough analysis of these items and from an application of accepted forensic document examination tools, principles and techniques, it is my professional expert opinion that a different person authored the name of Jennifer Baker on the questioned document. Someone did indeed forge the signature of Jennifer Baker on the questioned document." Baggett Aff. at 3-4.

Mr. Baggett does not describe how he went about comparing the two documents, why he believes that the two signatures were authored by a different individual, what differences, if any, he discerned between the two signatures, or how he reached his conclusion that the signature on the Assignment—rather than the signature on the unrelated document—was forged. Rather, Mr. Baggett merely offers an opinion without any explanation as to how he arrived at his conclusion. Accordingly, Mr. Baggett's testimony must be excluded as unreliable.[15]

Because Mr. Baggett's testimony must be excluded, there is no competent evidence in the record to support a finding that the Assignment was forged.

---

[14] Mr. Baggett, however, does not state how it is "known" that Jennifer Baker's signature on the unrelated document was in fact authored by Jennifer Baker.

[15] Other federal district courts that have considered whether to exclude Mr. Baggett's testimony have reached similar conclusions. *Primerica Life Ins. Co. v. Atkinson*, No. 11-CV-05299-RBL, 2012 WL 6057888, at *4 (W.D. Wash. Dec. 6, 2012) ("To the extent that his Letter of Opinion is his ultimate testimony, it is nothing more than ipse dixit—an assertion without proof. Assuming that Baggett is a qualified expert and uses reliable methodology, his Letter of Opinion provides no facts, reasoning, or analysis. He states, 'Carolyn Allred did indeed forge the signature of Christopher Ryan and authored the handwriting on the questioned documents.' But he does not offer any basis for arriving at that conclusion."); *Dracz v. Am. Gen. Life Ins. Co.*, 426 F. Supp. 2d 1373, 1380 (M.D. Ga. 2006) (holding that Mr. Baggett's methodology was not reliable and excluding his testimony because, among other reasons, there was "nothing in the record to allow the [c]ourt to conclude, based on Mr. Baggett's vague and cursory explanation, that the techniques employed in his comparison [of writing samples on different documents] are techniques that are generally accepted in the field, can be tested or subjected to peer review, are subject to standards or have an acceptable known or potential rate of error").

### 3. Even if the Assignment were Invalid, Defendant Would Still be Entitled to Enforce the Terms of the Deed of Trust Because Defendant has Produced Competent Summary Judgment Evidence Establishing that it Holds the Note

Under Texas law, a holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM. CODE § 1.201(b)(21)(A). "A person can become the holder of an instrument when the instrument is issued to that person, or he can become a holder by negotiation." *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 84 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing TEX. BUS. & COM. CODE § 3.201 cmt. 1). An instrument that is indorsed in blank is "payable to bearer and may be negotiated by transfer of possession alone." TEX. BUS. & COM. CODE § 3.205(b).

Here, Defendant has produced a copy of the original Note showing that it has been indorsed in blank by the Executive Vice President of the original lender, Countrywide Home Loans, Inc. Plaintiffs have not adduced any competent evidence demonstrating that the copy of the Note is not a true and correct copy of the original or that the indorsement on the Note is not authentic. Defendant has also produced uncontroverted evidence demonstrating that defense counsel is in possession of the original Note. Accordingly, Defendant has established that it is a holder of the Note under Texas law. Because Defendant has established that it holds the Note, Defendant has authority to pursue foreclosure proceedings regardless of the Assignment. *See Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 F. App'x 330, 332 (5th Cir. 2012) (holding

that the defendant was not required to show that the deed of trust had been assigned to it because the defendant had established that it was the holder of the note).[16]

In light of the foregoing, the Court finds that there is no genuine dispute as to whether Defendant has authority to enforce the terms of the Deed of Trust.[17] Accordingly, Defendant is entitled to summary judgment on Plaintiffs' claim to quiet title.

## B. Cause of Action for Declaratory Judgment

In their amended complaint, Plaintiffs assert a cause of action for declaratory judgment. The Fifth Circuit has held that when a complaint purports to assert an independent cause of action for declaratory judgment alongside another cause of action, the request for declaratory judgment should be construed as a theory of recovery predicated upon the accompanying claim. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). Accordingly, district courts dismiss requests for declaratory relief when all of a plaintiff's pleaded causes of action have failed. *See, e.g., Scott v. Bank of Am.*, No. SA:12-CV-917-DAE,

---

[16] The Court also notes that Plaintiffs' own expert, Mr. Martinez, testifies in his affidavit that "an assignment in this case did not need to be filed" because Defendant merged with Countrywide Home Loans, Inc. in 2008 and acquired 100% of its assets. Martinez Aff. ¶ 15.

[17] Although not alleged in their amended complaint, in their response to Defendant's motion for summary judgment Plaintiffs appear to argue that Defendant is not authorized to pursue foreclosure proceedings because the notice of default that Defendant sent Plaintiffs did not comply with the Texas Property Code. Specifically, Plaintiffs argue that the notice of default did not comply with the Texas Property Code because it did not disclose that Defendant was acting as mortgage servicer on behalf of Federal National Mortgage Association. *See* Pls.' Resp. ¶ 7. Plaintiffs' argument fails for at least three reasons. First, the argument is not properly before the Court because it was raised for the first time in Plaintiffs' response to Defendant's motion for summary judgment. *See Cutrera*, 429 F.3d at 113. Second, the Texas Property Code does not require a mortgage servicer to disclose that it is acting on behalf of a mortgagee in a notice of default under section 51.002(d). Rather, the disclosure requirement only applies to notices of sale under section 51.002(b). *See* TEX. PROP. CODE § 51.0025 ("A mortgage servicer may administer the foreclosure of property under Section 51.002 on behalf of a mortgagee if . . . the notices required *under Section 51.002(b)* disclose that the mortgage servicer is representing the mortgagee . . . ." (emphasis added)). Third, contrary to Plaintiffs' contention, and although not required, the notice of default that Defendant sent Plaintiffs plainly stated that Defendant was "acting as the Mortgage Servicer for Federal National Mortgage Association." Pls.' Resp., Ex. 8; Def.'s MSJ, Ex. C-3.

Also for the first time in their response to Defendant's motion for summary judgment, Plaintiffs appear to argue that the Assignment is insufficient because it conveys the Deed of Trust to Defendant rather than to Federal National Mortgage Association. *See* Pls.' Resp. ¶ 7. Again, Plaintiffs' argument fails because it is not properly before the Court. Furthermore, the argument lacks merit. The Texas Property Code, which governs the procedure for conducting a foreclosure sale, authorizes a "mortgagee" to sell real property under a power of sale conferred by a deed of trust and the Property Code defines a "mortgagee" in part as "the last person to whom the security interest has been assigned of record." *See* TEX. PROP. CODE §§ 51.0001(4); 51.002. Because uncontroverted evidence shows that Defendant is the last entity to which the Deed of Trust has been assigned of record and that Defendant is also the holder of the Note or at least authorized to act on behalf of the holder of the Note, there is no question that Defendant is authorized to pursue foreclosure proceedings in this case.

13

2013 WL 1821874, at *9 (W.D. Tex. Apr. 29, 2013); *Amaro v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-3776-B, 2013 WL 1187284, at *4 (N.D. Tex. Mar. 22, 2013); *Marsh v. JPMorgan Chase*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012). Here, summary judgment in favor of Defendant on Plaintiffs' request for declaratory judgment is appropriate because none of Plaintiffs' independent causes of action remain pending.

## IV. Conclusion

Defendant's Motion to Exclude Plaintiffs' Experts (Doc. No. 38) is GRANTED in part in so far as the motion seeks to exclude Curt Baggett as an expert witness and in so far as the motion seeks to exclude Ezequiel Martinez's opinion as to the authenticity of the Assignment. All other relief requested in Defendant's motion to exclude is dismissed as moot.

Defendant's Supplemental Motion for Summary Judgment (Doc. No. 34) is GRANTED.

The Clerk is directed to enter judgment that Plaintiffs take nothing on their claims. Defendant is awarded its costs of court and should Defendant choose to pursue such costs, a Bill of Costs must be filed within fourteen days of the entry of judgment pursuant to Local Rule CV-54.

SIGNED this 7th day of August, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE