IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RANDY ROUTH and SHIRLEE ROUTH, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. SA-12-CV-244-XR |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

On this day the Court considered Plaintiffs' motion for a new trial and for rehearing (docket no. 44). Plaintiffs ask the Court to vacate its order granting Defendant's supplemental motion for summary judgment and granting in part Defendant's motion to exclude Plaintiffs' expert witnesses (docket no. 41). Since there has not been a trial, and since Plaintiffs filed their motion within twenty-eight days of judgment, the Court construes Plaintiffs' motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (explaining that a motion challenging a prior judgment on the merits is treated as a motion to alter or amend judgment under Rule 59(e) if the motion was filed within twenty-eight days after the entry of judgment); *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (construing a motion for new trial, challenging an entry of summary judgment, as a Rule 59(e) motion to alter or amend judgment).

**I. Background**

On March 5, 2012 Plaintiffs Randy Routh and Shirlee Routh sued Defendant Bank of America N.A. to prevent Defendant from selling their home at a foreclosure sale. Docket No. 1-2. Plaintiffs asserted causes of actions for declaratory judgment, violations of the Uniform

Commercial Code, common law fraud, quiet title, violations of the Texas Debt Collection Practices Act, and violations of the Texas Deceptive Trade Practices Act.  Defendant removed the action to this Court. Docket No. 1.   On February 4, 2013, the Court issued an order dismissing all of Plaintiffs' claims, except Plaintiffs' claim for quiet title.  Docket No. 32.

Plaintiffs' claim for quiet title—to the extent it survived the February 4, 2013 dismissal order—was based on allegations that Defendant was invalidly assigned Plaintiffs' mortgage note and deed of trust by the Mortgage Electronic Registration Systems, Inc. ("MERS"), which was the entity that originally held the beneficial interest to Plaintiffs' deed of trust. *See* Deed of Trust at 2–3, Def.'s MSJ, Docket No. 25, Ex. A-3 (listing MERS as the "beneficiary" under the deed of trust with the right to foreclose).  Specifically, Plaintiffs' amended complaint asserted that the assignment was invalid because the individual who signed the assignment on behalf of MERS lacked the authority to do so.   Plaintiffs also asserted generally that the assignment was "fraudulent and fake." *See* First Am. Compl. ¶ 4, 24.

The Court instructed the parties to submit summary judgment evidence on Defendant's authority to foreclose so that the Court could determine whether Plaintiffs' quiet title claim had merit.   Order at 15, Docket No. 32.   Defendant responded with evidence showing that the individual who signed the assignment, Jennifer Baker, was a "Signing Officer" of MERS. *See* MERS Corporate Resolution Appointing Signing Officers at 2, Def.'s Suppl. MSJ, Docket No. 34, Ex. E-1; Assignment, Def.'s MSJ, Docket No. 25, Ex. A-7; *see also Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644–CV, 2012 WL 3793190, at *5 (Tex. App.—Austin Aug. 30, 2012, no pet.) (mem. op.) (holding that where MERS is a "beneficiary" of a deed of trust with the right to foreclose, MERS can transfer its beneficial interest and its right to

foreclose to another party).  Defendant also produced uncontroverted evidence that it possessed the original note. *See* Decl. of Adam Nunnallee ¶ 5, Def.'s MSJ, Docket No. 25, Ex. D (stating that Defendant's counsel obtained possession of the original note from Defendant).  Plaintiffs responded with an affidavit of forensic document examiner, Curt Baggett. Pls.' Resp., Docket No. 35, Ex. 6.  Mr. Baggett's affidavit asserted—without explaining how the conclusion was reached—that Ms. Baker's signature on the assignment was forged. *Id.* at 3–4.

The Court considered the arguments and the evidence and determined that Plaintiffs' claim for quiet title lacked merit. Docket No. 41.  First, the Court determined that Defendant produced sufficient and uncontroverted evidence that Ms. Baker had the authority to execute the assignment on behalf of MERS.  Second, the Court held that regardless of whether Ms. Baker had authority to execute the assignment, Plaintiffs did not have standing to challenge the assignment for lack of authority.  Third, the Court held that Plaintiffs' complaint only alleged that Ms. Baker did not have authority to execute the assignment; it did not allege that another individual forged Ms. Baker's signature.  To the extent that Plaintiffs raised additional allegations of forgery in their response to Defendant's motion for summary judgment, these additional allegations were not properly before the court.  Fourth, the Court held that even were it to consider Plaintiffs' allegations of forgery, Plaintiffs failed to produce sufficient evidence to support a finding that the assignment was executed by anyone other than Ms. Baker.  Finally, the Court held that even were the assignment invalid, Defendant had authority to foreclose as the uncontroverted holder of the note, which had been endorsed in blank by the original lender.

Plaintiffs now move to vacate the Court's judgment. Docket No. 44.  Plaintiffs argue that the Court "has clearly made a mistake concerning property law [sic] of the state of Texas." *Id.* at

2.  Plaintiffs assert that their amended complaint sufficiently alleges forgery, rather than just lack of authority, and that, through the affidavit of Mr. Baggett, Plaintiffs produced competent evidence to raise a fact issue regarding the authenticity of Ms. Baker's signature on the assignment.  Further, Plaintiffs urge the Court to allow them to replead their quiet title claim and amend Mr. Baggett's affidavit if the Court rejects the argument that their complaint and expert affidavit are sufficient.

### II. Legal Standard

A Rule 59(e) motion to alter or amend a judgment is an "extraordinary remedy" used only sparingly by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Such a motion calls into question the correctness of the district court's judgment, which "will not be disturbed in the absence of a showing that it has worked an injustice." *Id.* at 478; *Tate v. Starks*, 444 F. App'x 720, 724 (5th Cir. 2011) (unpublished) (citing *Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).  The motion "serves[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Additionally, relief is appropriate when there has been an intervening change in the controlling law. *Schiller*, 342 F.3d at 567; *Tate*, 444 F. App'x at 724; 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1 (2d ed.1995).  A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

Because altering or amending a judgment is such an extraordinary remedy, the Rule 59(e) standard favors denial of such motions. *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606,

611 (5th Cir. 1993).  Nevertheless, since specific grounds for granting a motion to alter or amend are not listed in the Rules, a district court enjoys considerable discretion in granting or denying the motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Templet*, 367 F.3d at 477 (stating that a district court's Rule 59(e) decision will be reviewed only for abuse of discretion).  However, a court's discretion is not without limits.  "The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

### III. Discussion

In Texas, to prevail on a claim for quite title, a plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st. Dist.] Dec. 30, 2011, no pet.).  The Court, in its opinion granting summary judgment, noted that regardless of the validity of the assignment, Defendant had authority to foreclose on Plaintiffs' mortgage as the holder of the mortgage note.  In their Rule 59(e) motion, Plaintiffs do not dispute the fact that Defendant is the holder of the mortgage note or the Court's finding.  Therefore, even were the Court to accept Plaintiffs' arguments regarding the invalidity of the assignment, the ultimate judgment against Plaintiffs would be left undisturbed.  Accordingly, Plaintiffs have not shown that the Court's opinion worked an injustice; therefore, Plaintiffs' Rule 59(e) motion is denied. *See Templet*, 367 F.3d at 478 (stating that a district court's judgment "will not be disturbed in the absence of a showing that it has worked an injustice").

Additionally, Plaintiffs' arguments rehash the same evidence and legal theories that they asserted before judgment.  Plaintiffs' Rule 59(e) motion offers no additional evidence challenging Ms. Baker's signature as a forgery.  To the extent that Plaintiffs argue that the Court made a manifest error of law, they support their assertion by citing and mischaracterizing cases the Court has already considered and cited in its opinion. *See e.g. Reinagel v. Deutsche Bank Nat. Trust Co.*, 12-50569, 2013 WL 5832812 (5th Cir. Oct. 29, 2013); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 157 (1999).

Finally, Plaintiffs' request to replead their claim and rewrite their expert's affidavit is denied.  A Rule 59(e) motion "serves[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479.  Plaintiffs have not identified a manifest error of law or fact, and they are not alleging newly discovered evidence.  Accordingly, the Court will not disturb its judgment and allow Plaintiffs leave to amend.

### IV. Conclusion

The Court finds that Plaintiffs have failed to identify a manifest error of law or fact, present newly discovered evidence, or show that the Court's judgment worked an injustice or is incorrect.  As a result, Plaintiffs' motion for a new trial and for rehearing (docket no. 44) is DENIED.

It is so ORDERED.

SIGNED this 7th day of January, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE